IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSE TORRES, | : | CIVIL ACTION |
|     *Petitioner*, | : | |
| | : | |
| v. | : | |
| | : | |
| DEREK OBERLANDER, et al., | : | |
|     *Respondents*. | : | NO.  21-cv-2163 |

MEMORANDUM

KENNEY, J.                                                                                                   OCTOBER 25, 2023

## I.   INTRODUCTION

Jose Torres ("Petitioner"), proceeding *pro se*, petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Honorable Magistrate Judge Lynne A. Sitarski recommends that the Court dismiss the petition without prejudice for lack of jurisdiction. The Court adopts Judge Sitarski's Report and Recommendation.

## II.   BACKGROUND

On May 9, 2010, Petitioner stabbed an individual three times in the chest, while two co-conspirators held the individual down. *Commonwealth v. Torres*, No. 464 EDA 2014, 2015 WL 7575072, at *1 (Pa. Super. Ct. Mar. 24, 2015). The victim suffered extreme blood loss, a lengthy lack of oxygen, and brain damage. *Id*. at *2. Following a jury trial, Petitioner was convicted on September 28, 2012 of attempted murder, aggregated assault, and conspiracy to commit aggravated assault. Petitioner was sentenced to 30 to 60 years of imprisonment on January 13, 2014.[1]  *Id.*

---

[1] Petitioner was originally sentenced to 40 to 70 years of imprisonment, but the trial court granted Petitioner's post-sentence motion and vacated his original judgment of sentence.

Petitioner appealed from the judgment of sentence, arguing that the trial court erred in denying Petitioner's request for a *Kloiber* charge[2] for government witnesses. *Id.* The Superior Court affirmed the judgment of sentence. *Id.* at *5. Petitioner then filed a timely petition under the Post Conviction Relief Act ("PCRA") which the PCRA court dismissed on July 12, 2018. *Torres*, No. 2382 EDA 2018, 2020 WL 5535678 at *2 (Pa. Super. Sept. 15, 2020). Petitioner filed a timely notice of appeal, and the Superior Court affirmed the PCRA court's order on September 15, 2020. *Id.* at *1.

Petitioner filed a habeas corpus petition for relief on May 17, 2021, claiming: (1) the PCRA court erred in dismissing Petitioner's claim of ineffective assistance of counsel for failure to present an alibi testimony; and (2) the sentence imposed for the attempted murder count was illegally enhanced because the jury did not find serious bodily injury regarding that charge. ECF No. 2 at 6-8. Petitioner was then granted leave to amend his habeas petition to add that his PCRA counsel rendered ineffective assistance by: (1) failing to raise a claim of sentencing/appellate counsel's ineffectiveness for failing to object to an illegal sentence; and (2) failing to raise an illegal sentencing claim in a PCRA petition. ECF No. 9.

In response to the habeas corpus petition, Respondents argued that the Superior Court reasonably rejected Petitioner's claim that his trial counsel was ineffective for failing to call an alibi witness. ECF No. 17 at 8. In Petitioner's Reply brief filed on November 24, 2021, Petitioner

---

[2] "A *Kloiber* instruction informs the jury that an eyewitness identification should be viewed with caution when either the witness did not have an opportunity to view the defendant clearly, equivocated on the identification of the defendant, or has had difficulties identifying the defendant on prior occasions." *Torres*, 2015 WL 7575072 at *2 (quoting *Commonwealth v. Pander*, 100 A.3d 626, 635 (Pa. Super. 2014) (en banc); *see Commonwealth v. Kloiber,* 106 A.2d 820 (Pa. 1954)

called Respondents' assessment "rational and legally supported," and therefore withdrew his claim attacking his conviction. ECF No. 19.

In response to Petitioner's sentencing claim, Respondents conceded that Petitioner was entitled to relief because the jury did not make the required finding of serious bodily injury related to the attempted murder charge, and that therefore Petitioner's sentence for attempted murder was illegal. ECF No. 17 at 12. Respondents further conceded that, though the ineffective assistance of counsel claim regarding sentencing was procedurally defaulted because it was not fairly presented to the state courts at any level, the default was excused pursuant to *Martinez v. Ryan*, 566 U.S. 1 (2012) because Petitioner's PCRA counsel was ineffective in failing to raise this substantial claim during state collateral review. *Id.* at 17.

Only after the briefing in this habeas action did Respondents learn that the attempted murder victim died of his injuries in 2016. In a March 1, 2022 status update to the Court, Respondents stated that the victim had died in 2016, and that Petitioner was therefore arrested and charged with homicide on February 28, 2022. ECF No. 24 at 1-2.

On June 27, 2023, Petitioner pled guilty to third-degree murder and possessing an instrument of crime. ECF No. 39 at 3. The Honorable Lilian H. Ransom of the Philadelphia Court of Common Pleas sentenced Petitioner to the recommended aggregated sentence of 22-44 years' incarceration, with credit for time already served. *Id.* As such, Petitioner's original convictions and sentence, under which this habeas petition were brought, became moot.

### III.    STANDARD OF REVIEW

A district court has jurisdiction to consider an application for a writ of habeas corpus filed by a person who is "in custody" pursuant to the judgment of a state court. 28 U.S.C. § 2254. A habeas petitioner must be "in custody" under the conviction or sentence under attack at the time

their petition is filed. *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989); *see also Obado v. New Jersey*, 328 F.3d 716, 717 (3d Cir. 2003) ("[F]or a federal court to have jurisdiction, a petitioner must be in custody under the conviction he is attacking at the time the habeas petition is filed").

IV. **DISCUSSION**

Petitioner is no longer "in custody" under the conviction or sentence of his habeas claim.

An individual cannot bring a federal habeas petition directed solely at a sentence or conviction which the individual is no longer serving. *Lackawanna Cnty. Dist. Att'y v. Coss*, 532 U.S. 394, 396 (2001); *see also Mahoney v. Bostel*, 366 F. App'x 368, 370 (3d Cir. 2010) ("A District Court lacks jurisdiction to entertain a habeas corpus petition if the petitioner was not 'in custody' under the conviction he is attacking when he filed his petition.")

Here, following Petitioner's withdrawal of his ineffective assistance of counsel claim regarding an alibi witness, the only outstanding habeas claim was that regarding Petitioner's sentence for his attempted murder conviction. ECF No. 19. However, Petitioner was resentenced on June 27, 2023 upon his guilty pleas to third-degree murder and possessing an instrument of a crime (ECF No. 39 at 3), rendering his original sentence moot. He is therefore no longer "in custody" under the conviction or sentence of the outstanding habeas claim regarding Petitioner's sentence for attempted murder.

V. **CONCLUSION**

Because the Court finds that Petitioner's claims are moot and that this court lacks jurisdiction, the Court adopts Judge Sitarski's reasoned Report and Recommendation and dismisses the petition without prejudice for lack of jurisdiction. Additionally, the Court declines to issue a certificate of appealability. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §

2253(c)(2). Petitioner has not shown that "reasonable jurists" would find this Court's assessment of the constitutional claims "debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Accordingly, no certificate of appealability will be issued. An appropriate order follows.

**BY THE COURT:**

/s/ **Chad F. Kenney**
_____
**CHAD F. KENNEY, J.**